EUGENE LAMMOT,

*vs.*

WAYNE C. BREWER, JOHN W. FOREMAN, CHRISTOPHER S. GLOVER, ROBERT A. GROVES, LEON H. RYAN, T. MUNCY KEITH, WILLIAM O. WINGATE, SIGMUND SCHORR, constituting members of the Department of Elections for New Castle County.

*New Castle, June 12, 1953.*

*E. Ennalls Berl* and *James L. Latchum*, of Berl, Potter & Anderson, and Michael A. Poppiti, of Wilmington, for plaintiff.

*H. Albert Young*, Attorney General, for defendants.

SEITZ, Chancellor: This is the decision on the defendants' motions to dismiss the complaint and to vacate a restraining order heretofore entered.

Plaintiff was the Democratic candidate for the office of Mayor of the city of Wilmington at the election held June 6, 1953. Defendants are the members of the Department of Elections for New Castle County. A chronological statement of facts will reveal the issues involved.

Pursuant to the provisions of 19 *Laws of Delaware, Chapter 727, Section 25* the members of the Department met on Monday, June 8 to canvass the vote cast at the election held June 6 for certain offices including the office of Mayor. The canvass admittedly showed a majority in favor of August F. Walz, the Republican candidate for Mayor and plaintiff alleged that the department was about to certify his election. Plaintiff has indicated that he intends to contest the election in accordance with the procedure provided by 19 *Laws of Delaware, Chapter 727, Section 27*. He alleges several grounds for his attack on the outcome of the election. However, those grounds can only be resolved by City Council pursuant to the mechanics provided by the said *Section 27*.

Plaintiff claims that under the existing statutory law governing an election for offices in the city of Wilmington there is no prohibition against the destruction at any time of the ballots, poll lists and certificates. It is also admitted that after the canvass the Department of Elections refused to give plaintiff's attorney positive assurance that the ballots would not be destroyed prior to the expiration of the time for filing a contest. Although they did indicate that they would seek a legal opinion as to their legal duty,

it does not appear that they committed themselves to communicate that opinion to plaintiff or his counsel prior to taking action thereon.

Plaintiff applied for a restraining order to prevent the destruction of the ballots, poll lists, etc., until the disposition of the proposed contest, and plaintiff further sought the appointment of a custodian to guard such records until the disposition of the proposed contest of the election.

Although defendants received short notice of the application, it is the fact that no one appeared in opposition thereto. The restraining order was granted because of the lack of any statute explicitly defining the duties if any of the Department of Elections with respect to the retention of the ballots, the poll lists and the certificates, and because the Department had refused to give any positive assurance that it would not destroy the ballots prior to the filing of a contest. I might point out that the granting of a restraining order should not be construed to be any reflection upon the good faith of the members of the Department, since the basis for issuance of the restraining order was the doubt as to the Department's legal duty if any, and, indeed, the same doubt apparently existed in the minds of the members of the Department because they saw fit to ask for a legal opinion thereon.

The defendants now seek to dismiss the complaint on the ground that the court lacked jurisdiction to entertain the action for several reasons but I now consider the contention that this "Court has no jurisdiction to direct that records be removed from the possession, control and custody of the Department of Elections when it is granted such by statute."

It is true, as plaintiff's counsel says, that 19 *Laws of Delaware, Chapter 727, Section 20* when enacted provided that after the ballots have been counted by the election officials at the poll and their certificates made,

"* * * the said ballots shall then be immediately destroyed unless any of the said ballots shall be disputed or rejected, in which case the said disputed or rejected ballots shall be placed with the said certificates in an envelope and sent to the Department of Elections."

In 1913 a statute was passed applying *inter alia* to city elections which required the election officials to place the ballots back in the envelopes and then in the ballot boxes, 27 *Laws of Delaware*, *Chapter* 65, *Section* 24. I have some doubt that this statute is still in effect, at least in general elections, but that is not too important to my conclusion in view of a later statute. Thus in 1945 by a statute found in 45 *Laws of Delaware*, *Chapter* 156, dealing with elections in the city of Wilmington, it is provided in part as follows:

"Section 23. The poll lists kept at such election shall be certified in writing by both poll clerks to be a true and correct list of the votes cast at the said election in their respective election districts, and shall be placed in the ballot box and returned with the ballots."

The act also repeals inconsistent provisions in existing law.

■ It seems clear to me that the quoted provisions are necessarily inconsistent with the quoted provision in 19 *Laws of Delaware* which authorized the election officials to destroy uncontested ballots immediately. The last quoted provision governs, and the officials at the polls in an election in the city of Wilmington are under a legal duty to place all the ballots in the ballot box after performing the necessary count and to return the ballots and the ballot box.

■ The question arises: To whom are the ballots and the ballot boxes returned after a city election? Apparently there is no statute explicitly governing this matter, but by custom at least they have been returned to the custody of the Department of Elections. The ballots here involved were so handled and I think it reasonable to construe the statute to so require.

I now consider the crucial problem. There is no statute explicitly imposing a duty on the Department of Elections to retain the ballots, poll lists, etc., for any length of time. But defendants' counsel argues that the legal duty to retain such documents and papers until the expiration of the time for filing a contest, or, in case of such filing, a decision thereon is necessarily implied from the existence of the so-called contest section found in 19 *Laws of Delaware* 727, *Section* 27. That section provides as follows:

"Section 27. If any candidate for any of the offices before-mentioned shall choose to contest the right of any person claiming to have been elected to such

office, such candidate shall, within thirty days next after such election, cause to be presented to the said council of Wilmington, his petition, in writing, setting forth particularly the grounds and specifications upon which said election is contested, together with an affidavit that such petition is not for the purpose of vexation and delay but that he does varily believe that he has just grounds for contesting such election; and shall also, at the same time, cause to be delivered to the person whose election is contested, a true copy of such petition. Upon the filing of such petition and affidavit the council shall appoint a day, not less than ten nor more than fifteen days from the time of filing such petition and affidavit for hearing and determining the same, giving public notice thereof in two newspapers published in the city of Wilmington, if so many be published at that time, and upon the day appointed for such a hearing the said city council shall sit in the city hall, in the presence of such citizens and others as may choose to be present, shall hear the allegations and proofs of the party, and shall determine according to the very right of the matter. Evidence shall be confined to the grounds and specifications set forth in the petition. The council shall have power to issue subpoenas, signed by the president of council for the time being, and attested by the clerk, for persons and papers (including all poll lists, tally lists, statements and certificates delivered to the department of elections, clerk of council, mayor of the city, or any of them), to administer oaths and affirmations, to examine witnesses, and to do all other things requisite to arrive at a full and perfect knowledge as to the right of the case. The decision of the council, signed by its officers, shall be published in two newspapers printed in the city of Wilmington, if so many be published at that time, and shall be final and conclusive."

Defendants' attorney argues that a legal duty to retain the ballots, etc., for an appropriate period must of necessity be implied from the quoted statute and the statute which I have construed to give custody to the Department, in order that the right of contest granted by the statute might not be nullified by the possible destruction of pertinent evidence prior to the hearing. Plaintiff's counsel suggests that the matter is not explicitly covered by the statutes and that this court therefore has jurisdiction because this is in the nature of a complaint *quia timet* to preserve the evidence so the proper tribunal (city council) can evaluate it.

It seems to me that *Section 27* must necessarily be construed, albeit by implication, (compare *People v. Peck*, 138 *N.Y.* 386, 34 *N.E.* 347, 20 *L.R.A.* 381), to require the Department of Elections to retain the ballots, poll lists, certificates and other documents at least until the expiration of the time for filing a contest and if a contest is filed, until the disposition thereof. Otherwise, this court would be compelled to conclude that the Legis-

lature was creating a right of contest and yet rendering it subject to the substantial hazard that pertinent evidence might not be available.[1] When this statute is read with the statutes giving custody of the records to the Department my conclusion is reinforced.

■ I, therefore, conclude that the Department of Elections for New Castle County, in conducting an election for the designated offices of the city of Wilmington, is required by statute to receive and retain the ballots and other documents pertinent to the election undisturbed until the expiration of the time for filing a contest under *Section* 27, and if a contest is filed, until the disposition thereof. Plaintiff does not suggest that there is any reason for this complaint other than his doubt as to the defendants' legal duty with respect to the preservation of the ballots, etc. Since I have now concluded that the Department has such a duty, it follows that the complaint should be dismissed.

I desire to add that I reaffirm my decision that on the basis of the showing then presented and having in mind the function of a restraining order, it was properly issued. However, since the matter of defendants' legal duty is now made clear, and they are bound to act in accordance therewith to preserve the evidence undisturbed, it follows that there is no basis for relief in this court.

The restraining order will be dissolved, the rule to show cause discharged and the complaint dismissed.

Order on notice.

---

[1] The duty of the Department to keep the registration books is clear. 15 *Del.C.* § 1311. Whether this statute includes the book of registered voters I need not decide.